UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Jason L.,[1] | Civ. No. 23-184 (JWB/JFD) |
| Plaintiff, | |
| v. | **ORDER REJECTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE AND REMANDING** |
| Martin J. O'Malley, *Commissioner of Social Security Administration*, | |
| Defendant. | |

---

Bryan Konoski, Esq., and Kira Treyvus, Esq., Konoski & Partners P.C.; and James H. Greeman, Esq., Greeman Toomey, counsel for Plaintiff.

Ana H. Voss, Esq., United States Attorney's Office; James Potter, Esq., and James D. Sides, Esq., Social Security Administration, counsel for Defendant.

---

Plaintiff filed this action challenging the Commissioner of Social Security's decision to deny her application for supplemental security income. After briefing by the parties (Doc. Nos. 11, 16, 18), the Magistrate Judge issued a Report and Recommendation ("R&R") dated January 26, 2024. (Doc. No. 20.) The R&R recommends denying Plaintiff's request for relief and granting Defendant's request to affirm the Commissioner's decision. Plaintiff timely objected to the R&R. (Doc. No. 27.)

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in social security appeals such as the present case. Accordingly, references to the Plaintiff in this Order use only his first name and last initial.

A district court reviews de novo any aspect of an R&R to which a party timely objects. *See* 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). Based on that de novo review, the Commissioner's final decision is vacated and this case is remanded to the Commissioner for further proceedings.

Plaintiff's objection centers on whether the Administrative Law Judge ("ALJ") erred by not adequately accounting for Plaintiff's social limitations in the residual functional capacity ("RFC") assessment. Plaintiff argues that while the ALJ limited him to *occasional* interaction with supervisors, coworkers, and the public, the ALJ erroneously did not include a limitation restricting him to *superficial* interactions with coworkers, supervisors, and the public. Dr. Karayusuf, who performed a psychological consultative evaluation of Plaintiff, opined that Plaintiff should be restricted to superficial interactions. Two state agency psychological consultants agreed with Dr. Karayusuf.

"[T]here is a material difference between a superficial contact and an occasional contact limitation." *See, e.g.*, *Kenneth J.V. v. Kijakazi*, Civ. No. 22-cv-0373 (KMM/DJF), 2023 WL 2394397, at *10 (D. Minn. Jan. 27, 2023), *R&R adopted*, 2023 WL 2388696 (D. Minn. Mar. 7, 2023). The quantity of interactions addressed by an occasional limitation is distinguishable from the quality or nature of interactions addressed by a superficial limitation. *See, e.g.*, *Sara R. v. Kijakazi*, Civ. No. 22-cv-1271 (KMM/TNL), 2023 WL 4564421, at *6 (D. Minn. June 28, 2023), *R&R adopted*, 2023 WL 4561312 (D. Minn. July 17, 2023).

What is perplexing from the ALJ's decision is that the ALJ found Dr. Karayusuf's and the state agency consultants' opinions "persuasive" with respect to the superficial

2

contact limitation, but then imposed differing RFC limitations without explaining the reasons for the difference. The ALJ also did not explain why the RFC did not include another social limitation when the ALJ had found Plaintiff moderately limited in the ability to interact with others during the "paragraph B" criteria consideration during the step three analysis. Simply put, the ALJ did not include a limitation relating to superficial interactions, and did not explain why a superficial interaction limitation was unsupported.

The Commissioner asserts that there is substantial evidence of record to support the ALJ's assessment of Plaintiff's functional capacity, highlighting the ALJ's reasoning at the third step of her analysis. This reasoning suggests Plaintiff is only moderately, not severely or extremely, limited in the ability to interact with others. That said, while this evidence shows Plaintiff can interact with others in some situations, it remains unclear if the ALJ's decision—to not include any limitations for superficial interactions—is well-supported by the evidence. This uncertainty arises because the ALJ failed to reconcile differences between the functional capacity assessment, the moderate interaction limitation identified at the third step, and the views of the evaluators and consultants. The ALJ's decision certainly does not make it clear that the evidence cited in the third step was the basis for omitting a limitation on superficial contacts. And it is unclear if this evidence alone justifies not imposing any restriction on superficial interactions, particularly when such a restriction was considered necessary by an evaluator, whose opinion the ALJ otherwise found persuasive.

Unlike the scenarios in two recent Eighth Circuit cases—*Wyatt v. Kijakazi*, No. 23-1559, 2023 WL 6629761 (8th Cir. Oct. 12, 2023), and *Lane v. O'Malley*, No. 23-

1432, 2024 WL 302395 (8th Cir. Jan. 26, 2024)—which dealt with arguments related to the lack of restrictions on superficial workplace interactions, the ALJ here did not set any limits on the quality of workplace interactions. In contrast, in those earlier cases, the ALJ imposed both quantitative restrictions (limiting interactions to occasional) and qualitative restrictions (excluding teamwork and cooperative tasks). And, notably, even if the ALJ here would have included another limitation of no tandem tasks or teamwork, such a limitation *might* cause a person's interactions to be superficial, but not necessarily.

A crucial point is that a medical evaluator found that a specific limitation was necessary with two state agency psychological consultants in agreement, yet the ALJ failed to justify excluding that limitation from the RFC assessment. While the ALJ does not have to incorporate every limitation recommended by medical evaluators, the decisions about which limitations to include or exclude must be well-supported by evidence and clearly explained. It is ambiguous whether the ALJ improperly replaced the term "superficial" with "occasional," or deliberately decided against including a limitation on superficial interactions for another reason. What is not ambiguous, however, is that the ALJ has a duty to clearly articulate the rationale linking the evidence to her findings. It is improper for a court reviewing such decisions to guess at the ALJ's reasoning or manufacture justifications that the ALJ herself did not provide. *See Encino Motorcars, LLC v. Navarro*, 579 U.S. 211, 224 (2016) (holding that courts may not "speculate on reasons that might have supported an agency's decision" or "supply a reasoned basis for the agency's action that the agency itself has not given"); *see also Jennifer v. Kijakazi*, Civ. No. 22-700 (NEB/DTS), 2023 WL 3998033, at *7 (D. Minn.

4

May 26, 2023) (finding reversible error where an ALJ discussed and found persuasive medical opinions but did not provide any reason for omitting limitations expressed in those opinions), *R&R adopted*, 2023 WL 3996239 (D. Minn. June 14, 2023).

The ALJ may have a valid reason for excluding the proposed superficial interaction limitation in her RFC, but that reason must be explained. Remanding the case is therefore appropriate.

For these reasons, Plaintiff's objection is sustained, the R&R is rejected, and the matter is remanded.

### ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objection (Doc. No. 27) is **SUSTAINED**;

2. The Report and Recommendation (Doc. No. 20) is **REJECTED**;

3. Plaintiff's request for relief (Doc. No. 11) is **GRANTED**;

4. Defendant's request for relief (Doc. No. 16) is **DENIED**;

5. The Commissioner's final decision is vacated, and this case is **REMANDED** to the Commissioner under sentence four of 42 U.S.C. § 405(g), for further administrative proceedings consistent with this Order. On remand the ALJ should (1) either include a superficial interaction limitation in the RFC, or explain why such a limitation is omitted; and (2) recall a vocational expert for testimony as needed to address a new hypothetical based on any modified RFC.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date: March 6, 2024                                              *s/ Jerry W. Blackwell*
                                                                  JERRY W. BLACKWELL
                                                                  United States District Judge